books of account do not show the payment of the deferred salaries as an expense of the years 1919 and 1920. Under the Revenue Act of 1918 a corporation is required to account for income upon the basis upon which its books of account are kept, unless it appears that such basis does not truly reflect the income. No evidence has been introduced to show that the books of account as kept for the years 1919 and 1920 do not truly reflect the income. The action of the Commissioner in disallowing the deduction of the deferred salaries paid in 1919 and 1920 must therefore be approved.

The facts with respect to the deduction of $39,875 alleged loss on the purchase of foreign exchange are simply that the taxpayer contracted to purchase, during the early part of the year 1920, 110,000 pounds sterling at $3.86¼ per pound. The contract price was paid in December, 1920, at a time when the pound sterling had a value of only $3.50. At the same time the taxpayer used the foreign exchange thus acquired in the purchase of creosote oil in England. The taxpayer paid $39,875 more for the exchange than it would have been required to pay had it purchased it at the time that it made payment for the creosote oil. The Commissioner has disallowed the deduction of the $39,875 alleged loss. We think that he was in error in so doing. The cost of the creosote oil carried into the inventory at the close of the calendar year 1920 was not the amount that was paid for the exchange to carry out the contract made by the taxpayer with the Equitable Trust Company of New York, but $39,875 less than the amount paid for the exchange. The creosote oil could not be inventoried at December 31, 1920, at more than its actual cost and the cost was in terms of the exchange at the date of purchase. The contract for the purchase of the foreign exchange was entered into in the early part of 1920 and completed in the month of December, 1920, at a loss of $39,875. That loss is a legal deduction from the gross income of the taxpayer for the year 1920.

---

Appeal of **ATLANTIC & GULF**          Docket No. 788.
            **TRANSPORTATION CO.**

Submitted March 24, 1925; decided April 27, 1925.

*F. Juchhoff, C. P. A.,* for the taxpayer.
*George K. Bowden, Esq.,* for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

The taxpayer appeals from deficiencies in income and profits taxes for the years 1919 and 1920 in the amounts of $216.59 and $4,555.30, respectively. The only question in issue is the right of the taxpayer to deduct from gross income in the years 1919 and 1920 amounts paid to its officers as salaries for preceding years. From the oral and documentary evidence introduced the Board makes the following

FINDINGS OF FACT.

The taxpayer is engaged in the business of importing creosote oil, which it sells to the railroads of the United States for their ties. In 1917, when the United States went into the war, business stopped entirely. On July 2, 1917, a resolution was passed by the board of directors to the effect that salaries should not thereafter be paid in regular monthly installments. The resolution referred to reads as follows:

Minutes of a meeting of the Board of Directors of Atlantic & Gulf Transportation Co. held at the office of the Company #171 Madison Avenue, Borough of Manhattan, City of New York, on July 2nd 1917.
Present: All Directors.
The President states that owing to war conditions the business of this Company has entirely stopped. At the request of the Directors the President and Secretary-Treasurer agree for the reason just stated that their salaries from July 1st, 1917 for the balance of the year i. e. until December 31st, 1917 shall not be paid to them in regular monthly installments as heretofore, but only at some future time when in the judgment of the Directors such payments can be made. The amount of money due for the salaries to the officers, is to be placed temporarily into a separate account, from which later at the direction of the Directors and with the consent of the stockholders the payment of back salaries to the officers of the Company is to be made.

A corresponding resolution was adopted on January 2, 1918, relative to payment of salaries to officers for the calendar year 1918.

In 1919 the business started up again and the taxpayer began to make a profit. In addition to the regular salaries paid for the year 1919, the taxpayer paid to the officers a part of the salaries which had been withheld from them from July 1, 1917, to December 31, 1918. The balance of the deferred salaries was paid to the officers during the year 1920.

The taxpayer's books of account were kept on an accrual basis.

The Commissioner has disallowed the deduction from gross income in income-tax returns for the years 1919 and 1920 of amounts paid to the officers as deferred salaries for the period July 1, 1917, to December 31, 1918, and has also excluded from claimed invested capital an amount representing the deferred salary account.

DECISION.

The determination of the Commissioner is approved. See *Appeal of Bernuth Lembcke Co., Inc.*, 1 B. T. A. 1051.

---

Appeal of **JOSEPH W. FERGUSON.**        Docket No. 1557.

Submitted March 30, 1925; decided April 27, 1925.

*Robert A. Littleton, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from a determination of a deficiency in income taxes for the years 1918, 1919, and 1920, in the sum of $7,765.28.